# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

NATHANIEL DAVID HAMMOND                                             PLAINTIFF

v.                                                CIVIL ACTION NO. 3:10-CV-364-S

JOHN DOE I *et al.*                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Nathaniel David Hammond, *pro se*, has filed a complaint, an application to proceed without prepayment of fees, and a motion for preliminary injunctive relief. Because the Court concludes that Plaintiff has not demonstrated the likelihood of future, irreparable harm in absence of the injunction, the motion will be denied. The Court will address Plaintiff's motion to proceed *in forma pauperis* by separate Order and will screen his complaint pursuant to 28 U.S.C. § 1915A in due course.

Plaintiff, a pretrial detainee incarcerated at the Hardin County Detention Center (HCDC), filed this action against five John Doe officials at the Louisville Metro Department of Corrections (LMDC). Plaintiff sues the Defendants in their official capacities. He alleges that on March 12, 2010, he was transferred from the HCDC to the LMDC. He states that he informed officials at the LMDC that he was an Orthodox Jew and required Kosher meals. Plaintiff alleges that the entire time he was at the LMDC, he did not receive a Kosher meal. He states that after 72 hours of not eating, he was forced to break down and eat "unclean food" because he is diabetic. Plaintiff also alleges that he is handicapped, walks with a cane, and suffers from multiple sclerosis. He alleges that he was placed in a non-ADA compliant cell while at the LMDC. Plaintiff was transferred back to the HCDC on March 23, 2010. Plaintiff believes that he was subjected to this treatment because a doctor at the LMDC (whose name

Plaintiff does not know) is prejudiced against Jews.

In his motion for preliminary injunctive relief, Plaintiff states that he is scheduled for a court hearing in Louisville on May 24, 2010, and he believes that once again he will be transferred to the LMDC. He speculates that he will be at LMDC from approximately May 20, 2010, to May 26, 2010. Should the anticipated transfer occur, Plaintiff fears that once again he will be denied a Kosher diet and placed in an non-ADA compliant cell. He asks the Court to order the LMDC to provide Plaintiff with: 1) three nutritionally sound Kosher meals a day including Kosher condiments and seasonings; 2) disposable cups and eating utensils; 3) an ADA-compliant housing; and 4) a cell where Plaintiff "may enjoy the company of persons with similar medical conditions and/or disabilities."

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "There are four factors that are particularly important in determining whether a preliminary injunction is proper: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served." *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk Southern Corp.*, 927 F.2d 900, 903 (6th Cir. 1991). Even if the Court were to assume that Plaintiff is likely to prevail on the merits of his claim, he would not be entitled to an injunction because he has not demonstrated that he is likely to suffer irreparable harm in its absence. *See Romantics v. Activision Publ., Inc.*, 532 F. Supp. 2d 884, 890 ( E.D. Mich. 2008) ("The potential harm must be actual and imminent, and not merely remote or

speculative."). "[Past] exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *L.A. v. Lyons*, 461 U.S. 95, 102 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). Plaintiff has not demonstrated that it is certain that he will be transferred to the LMDC, if he is transferred how long he will stay, or that it is likely that he will be denied a Kosher diet and proper housing once again. Had Plaintiff alleged a policy against providing Kosher meals or handicapped cells, it would be far more reasonable to conclude that he would be likely to be denied those rights again. However, in this case, Plaintiff alleges that a rogue doctor based on personal animus and prejudice caused the constitutional deprivations alleged by Plaintiff. It is far from certain that the alleged doctor will do so again or would even be in a position to do so.

Because Plaintiff fails to show any actual, immediate, or continuing threat of serious harm arising out of the purported past acts performed by Defendants, **IT IS ORDERED** that the motion for preliminary injunctive relief (DN 5) is **DENIED**.

Date:

cc:     Plaintiff, *pro se*
        Jailer, Louisville Metro Department of Corrections
        Jefferson County Attorney
4412.008

3